# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3704 | **DATE** | 5/15/2003 |
| **CASE TITLE** | MATTIE DAVIS vs. AMERICAN DRUG STORES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant American Drug Stores, Inc.'s motion to strike is granted in part and denied in part; and defendant's motion for summary judgment is granted because there is no genuine issue of material fact on any of plaintiff's claims and defendant is entitled to judgment as a matter of law. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | MAY 19 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | 52 |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| TBK | courtroom deputy's initials | | U.S. Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
MAY 19 2003

| | |
|---|---|
| MATTIE DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 01 C 3704 |
| | ) Paul E. Plunkett, Senior Judge |
| AMERICAN DRUG STORES, INC. | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Mattie Davis has sued American Drug Stores, Inc. for its alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102, et seq. Defendant has filed a Federal Rule of Civil Procedure ("Rule") 56(c) motion for summary judgment and a motion to strike portions of plaintiff's fact statements. For the reasons set forth below, the motion to strike is granted in part and denied in part and the summary judgment motion is granted.

## Motion to Strike

Defendant says that plaintiff improperly denied seventeen of the fact statements it asserted in its LR 56.1(a)(3) Statement and that none of the additional facts she asserts is properly supported. Thus, defendant asks the Court to strike paragraphs 26, 34, 46, 49, 50, 52-56, 60, 65, 69, 73, 85, 86 and 92[1] from plaintiff's LR 56.1(b)(3)(A) Statement and her entire LR 56.1(b)(3)(B) Statement.

---

[1] Defendant also asks the Court to overrule plaintiff's hearsay objection to paragraph 51 of its fact statement. Because no such objection appears in plaintiff's response to that paragraph, however, the Court has omitted it from this discussion.

52

Plaintiff denied some or all of the facts asserted by defendant in paragraphs 26, 34, 46, 49, 50, 60, 65, 69, 73, 85, 86 and 92 of its fact statement on the grounds that they were not supported by the evidence defendant cited. As to paragraphs 26, 46, 49, 69, 73, 86, 92, and the second sentence of paragraph 65, the Court agrees. Thus, defendant's motion to strike these responses is denied. The evidence cited by defendant does, however, support the facts it asserts in paragraphs 34, 50, 60 and 85. Those denials, therefore, will be stricken and plaintiff will be deemed to have admitted those facts.

Plaintiff denied the facts asserted by defendant in paragraphs 52-56 of its fact statement on the grounds that they are hearsay.[2] The facts asserted in paragraphs 52 and 53, that plaintiff has asthma attacks only a few times each year and that she takes medication that generally controls the condition, are based on the testimony of plaintiff's mother, Ms. Lee. Defendant says that those facts are based on Ms. Lee's observations, not on out-of-court statements made to her by her daughter, and thus, are not hearsay. That may be true, but the portion of Ms. Lee's testimony that defendant cites does not say that she has personal knowledge of those facts. Because the evidence cited by defendant does not establish that Ms. Lee is competent to testify to the facts asserted in paragraphs 52 and 53, defendant's motion to strike plaintiff's responses to them is denied.

The Court will, however, strike plaintiff's responses to paragraphs 54-56. The facts asserted in those paragraphs are taken from plaintiff's treating physician's notes. Though they are hearsay, they fall within the exception for statements made for purposes of medical diagnosis or treatment. See FED. R. EVID. 803(4). Plaintiff's denials of the facts in these paragraphs are, therefore, stricken.

---

[2] See n.1.

Defendant also asks the Court to strike plaintiff's statement of additional facts in its entirety. The Court agrees that the first two paragraphs should be stricken. In those paragraphs, plaintiff attempts to use a 1997 report from the National Institutes of Health as expert testimony about the classifications and symptoms of asthma. Plaintiff has not, however, explained why the report was prepared, the methodology underlying it, whether the guidelines in it are generally followed by the medical community or even whether the six-year old report represents the NIH's current position. Absent such information, the report does not constitute admissible evidence of the classifications and symptoms of asthma. Thus, the first two paragraphs of plaintiff's LR 56.1(b)(3)(B) Statement are stricken.

The Court also strikes: (1) the word "immediately," which is not supported by the evidence cited, from the seventh paragraph; and (2) the statements allegedly made to plaintiff by members of defendant's Human Resources Department, which are inadmissible hearsay, from the ninth paragraph. In all other respects, defendant's motion to strike plaintiff's LR 56.1(b)(3)(B) Statement is denied.

### Facts

Plaintiff, who is a life-long asthma sufferer, started working for defendant on February 9, 1999 as a Clerk III in its Licensing/Treasury Department. (Def.'s LR 56.1(a)(3) Stmt. ¶¶ 6, 65.) Virginia Lasenby was plaintiff's supervisor. (Id. ¶ 9.)

Plaintiff received a copy of defendant's employee handbook at the time she was hired. (Id. ¶ 13.) The handbook says that employees are required to complete absence reports for each missed day of work. (Id. ¶ 14.) It also says that an employee who is absent for three or more consecutive

days must submit a report of attending physician form. (Id. ¶ 18.) Moreover, the handbook states that employees are not eligible for vacation time or unpaid leaves of absence until they have been employed for six months. (Id. ¶ 19.)

Between February 9, 1999 and June 4, 1999, plaintiff was absent from work on four separate occasions. (Id. ¶ 21.) Each time, she submitted the proper form and returned to work when scheduled. (Id.) In her ninety-day performance review, plaintiff was told that her attendance and promptness "need[ed] improvement." (Id., Ex. 5, Lasenby Dep., Ex. 3.)

On the evening of June 4, 1999, plaintiff had an asthma attack and was hospitalized. (Id. ¶ 23.) On June 11, 1999, Lasenby sent plaintiff absence report and attending physician forms and asked her to return them as soon as possible. (Id. ¶ 24.) Plaintiff submitted absence report forms for June 7-11, 1999, June 14-18, 1999, and June 21-25, 1999. (Id. ¶ 28.)

On June 21, 1999, plaintiff submitted an attending physician's report to defendant that said she was expected to return to work on June 30, 1999. (Id., Ex. 5, Lasenby Dep., Ex. 4.) Three days later, her doctor signed a certificate to return to work stating that plaintiff would return on July 1, 1999. (Id. ¶ 27.) Plaintiff did not, however, send that certificate to defendant. (Id.)

On June 29, 1999, defendant sent plaintiff a letter saying that she was ineligible for any kind of leave. (Id. ¶¶ 29-30.) The letter also advised her: (1) to contact the human resources department about her status; and (2) that her failure to return to work on her scheduled return date would be considered voluntary termination of her employment. (Id. ¶ 30.) Plaintiff knew that she was supposed to return to work on June 30, 1999 and that she had to submit a doctor's note to defendant if she needed more time. (Id. ¶ 31.)

Plaintiff did not return to work on June 30, 1999 nor did she tell anyone before that date that she would be unable to return. (Id. ¶ 32.) Consequently, defendant terminated her. (Id. ¶¶ 33, 35.)

On July 1, 1999, plaintiff called Lasenby and said that she was not yet able to return to work. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 8.) Lasenby told plaintiff to contact human resources. (Id.)

"[A] few days later," plaintiff says, she faxed to defendant a note from her doctor that extended her return to work date by two weeks. (Def.'s LR 56.1(a)(3) Stmt., Ex. 4, Davis Dep. at 52-56.) Defendant denies receiving the note. (Id. ¶ 81.)

Sometime thereafter, defendant told plaintiff she was terminated. (Id., Stmt., Ex. 4, Davis Dep. at 202-03.) Plaintiff says she subsequently inquired about getting her job back, but was not rehired. (Id. at 203-05.)

## The Legal Standard

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. Id.

## Discussion

### Scope of the Charge

The ADA makes filing a charge of discrimination with the EEOC a condition precedent to filing suit. 42 U.S.C. §§ 12117(a), 2000e-5. In her complaint, plaintiff alleges that defendant: (1) fired her because of her disability; (2) refused to rehire her because of her disability and (3) failed reasonably to accommodate her disability. Her EEOC charge, however, says nothing about the latter two claims. (See 12/6/99 EEOC Charge attached to Compl.) Despite plaintiff's procedural misstep, these claims are still viable if they are "like or reasonably related" to the allegations in the EEOC charge such that they could "reasonably be expected to grow out of an . . . investigation of the allegations in the charge." Cheek v. Western & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994) (internal quotation marks and citation omitted).

Defendant contends that, as a matter of law, failure to accommodate claims are not reasonably related to discharge claims, citing Green v. National Steel Corp., 197 F.3d 894 (7th Cir. 1999) for support. The Green court did say that failure to accommodate claims are "separate and distinct" from discharge claims and that the two kinds of claims "are not like or reasonably related to one another." Id. at 898. But the facts of that case are quite different from those presented here. Green's accommodation claim was premised on her former employer's failure to make modifications to her work environment, a claim that was not likely to "develop from the investigation of the reasons for her discharge." Id. In this case, however, the accommodation and discharge claims are inextricably intertwined. Defendant says that it discharged plaintiff because she did not return to work after her asthma attack. Yet, time off to recuperate is precisely the accommodation that plaintiff sought. (See First Am. Compl. ¶ 27.) Thus, the decision to discharge plaintiff was, in

-6-

effect, a refusal to provide her the accommodation of further time off. Because plaintiff's accommodation claim is the mirror image of her discharge claim, it is viable even though she did not include it in her EEOC charge.

The failure to rehire claim is a different story. Whether plaintiff was properly discharged for absenteeism has no bearing on whether she should later have been rehired. Thus, an investigation into the former would not likely shed light on the latter. Because plaintiff's failure to rehire claim is not reasonably related to her discharge claim, it must be dismissed. <u>Sauzek v. Exxon Coal USA, Inc.</u>, 202 F.3d 913, 920 (7th Cir. 2000) (affirming dismissal of failure to hire claim not raised in EEOC charge challenging discharge because the two claims are "wholly independent.").

### **Discrimination**

To prevail on her discharge claim, plaintiff must prove that defendant discharged her because of her disability. 42 U.S.C. § 12112(a). Having no direct evidence of defendant's discriminatory intent, plaintiff must offer indirect evidence of that intent by using the <u>McDonnell Douglas</u> burden-shifting method of proof. <u>Amadio v. Ford Motor Co.</u>, 238 F.3d 919, 925 (7th Cir. 2001). The first step in this familiar framework is the establishment of a <u>prima facie</u> case, which requires evidence that: (1) plaintiff is a member of a protected group; (2) she was performing her job satisfactorily; (3) she suffered an adverse employment action; and (4) similarly-situated employees outside of the protected class were treated more favorably. <u>Id.</u> If plaintiff succeeds in making a <u>prima facie</u> case, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for the discharge. <u>Id.</u> If it does so, the burden shifts back to plaintiff to show that the defendant's proffered reason was merely a pretext. <u>Id.</u>

To satisfy the first element of the prima facie case, plaintiff must show that she is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that [she] holds or desires," the group protected by the ADA. 42 U.S.C. §§ 12111(8), 12112(a). Plaintiff is disabled within the meaning of the statute if she: (1) has "a physical or mental impairment that substantially limits one or more of [her] major life activities"; (2) has "a record of such an impairment"; or (3) is "regarded as having such an impairment." 42 U.S.C. § 12102(2); see 29 C.F.R. § 1630.2(g). A "physical or mental impairment" includes "[a]ny physiological disorder, or condition . . . [that] affect[s] . . . respiratory . . . organs." 29 C.F.R. § 1630.2(h)(1). Thus, plaintiff's asthma is a physical impairment within the meaning of the statute.

To be a disability, however, plaintiff's asthma must also substantially limit a major life activity. Major life activities include: "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). Plaintiff is "substantially limited" in a major life activity if she is "[u]nable to perform a major life activity that the average person in the general population can perform" or is "[s]ignificantly restricted as to the condition, manner or duration under which [she] can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j)(1). The determination of whether an impairment is substantially limiting is made on an individual basis by considering three factors: (1) "[t]he nature and severity of the impairment"; (2) "[t]he duration or expected duration of the impairment"; and (3) "[t]he permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." 29 C.F.R. § 1630.2(j)(2).

Plaintiff contends that her asthma substantially limits the major life activity of breathing. (See Pl.'s Mem. Opposing Def.'s Mot. Summ. J. at 2.)

Viewed favorably to plaintiff, the record reveals that asthma is an incurable medical condition characterized by recurrent exacerbations or decreases in breathing function. (Def.'s LR 56.1(a)(3) ¶ 47; id., Ex. 7, Monpetit Dep. at 57; Pl.'s LR 56.1(b)(3)(A) Stmt. ¶ 47.) Asthma is classified as mild, moderate or severe. (Def.'s LR 56.1(a)(3) ¶ 48; Pl.'s LR 56.1(b)(3)(A) Stmt. ¶ 48.) Plaintiff's asthma, according to her doctor, is "[a]t least moderate." (Def.'s LR 56.1(a)(3) Stmt., Ex. 7, Monpetit Dep. at 58.) Plaintiff has been hospitalized for exacerbations about fifty times in her life, sometimes for longer than a day, and is now on a daily regimen of inhalers and breathing treatments. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 4, 5.)

Presumably, plaintiff's ability to breathe is substantially limited during an exacerbation, at least those serious enough to require hospitalization. But there is little evidence about when those fifty exacerbations occurred during plaintiff's 37-year lifetime. Moreover, what evidence there is suggests that most of them happened when plaintiff was a child. Plaintiff testified that she had an asthma attack "every couple of months" during her childhood and that the attacks she had during grammar school, when over-the-counter drugs were her only medications, were "real bad." (Def.'s LR 56.1(a)(3) Stmt., Ex. 4, Davis Dep. at 158-59.) Currently, however, serious exacerbations are rare events, as plaintiff has suffered only two of them in the last five to ten years. (Def.'s LR 56.1(a)(3) Stmt., Ex. 6, Lee Dep. at 20.) Because the record suggests that serious exacerbations are the exception, rather than the rule, the fact that plaintiff occasionally suffers them does not support an inference that her asthma substantially limits her ability to breathe.

Plaintiff has also not offered any evidence to suggest that her asthma significantly impacts her daily activities between serious exacerbations. There is no evidence, for example, that she is unable to engage in recreational activities or perform household chores because of her asthma. In fact, the record suggests that her activities are not greatly impaired. She admits that she can care for herself and her daughter; cook meals; clean her home; go shopping; travel; walk; ride a bike and dance, despite her medical condition. (Def.'s LR 56.1(a)(3) Stmt. ¶¶ 58-59; Pl.'s LR 56.1(b)(3)(A) Stmt. ¶¶ 58-59.) She also admits that she can perform any job that requires medium activity, provided there is no exposure to chemicals or smoke, and has successfully worked as a clerk, waitress, cashier, delivery truck driver, medical receptionist, switch board operator and on an assembly line. (Def.'s LR 56.1(a)(3) Stmt. ¶¶ 61, 63; Pl.'s LR 56.1(b)(3)(A) Stmt. ¶¶ 61, 63.)

In short, plaintiff has offered no evidence to suggest that serious exacerbations of her asthma are chronic and uncontrollable or that her asthma, in its unexacerbated state, impairs her ability to function in daily life. She has not, therefore, raised a triable issue of material fact on whether her asthma substantially limits her ability to breathe, the ADA's first definition of disability.

Even if her asthma does not qualify as a disability, plaintiff says she is still protected by the ADA because defendant "perceived that [she] was substantially limited in the major life activities of breathing and working." (Pl.'s Mem. Opposing Def.'s Mot. Summ. J. at 4.) The only evidence plaintiffs offers to support this contention is that defendant knew she had asthma and terminated her. Neither of those facts supports the inference that defendant regarded plaintiff as substantially limited in her ability to breathe or work. In fact, the record suggests the opposite is true. It is undisputed that plaintiff was able to perform her job duties despite her asthma, that defendant expected her to return to work on June 30, 1999 without medical restrictions, and that plaintiff's supervisor treated

her no differently than her co-workers throughout her tenure with defendant. (Def.'s LR 56.1(a)(3) Stmt. ¶¶ 11, 64, 67; Pl.'s LR 56.1(b)(3)(A) Stmt. ¶¶ 11, 64, 67.) Because there is no evidence that defendant perceived plaintiff's asthma to be substantially limiting, she has not raised a triable issue of fact on whether it regarded her as disabled.[3]

Plaintiff's failure to establish that she is disabled within the meaning of the ADA, the first element of her prima facie case, dooms her discharge claim.[4] Moreover, because employers are only required to make accommodations for "qualified individuals with a disability," 42 U.S.C. § 12112(b)(5)(A), plaintiff's failure to demonstrate that she is disabled is fatal to her accommodation claim as well. Thus, defendant's motion for summary judgment on both claims is granted.

---

[3] Though there is a strong argument that plaintiff, who was absent twenty-five percent of the time defendant employed her, was not a qualified individual with a disability because she was unable to perform the essential function of attending her job, defendant has waived it. (See Def.'s LR 56.1(a)(3) Stmt. ¶ 64 ("Plaintiff was able to work [for defendant] and perform the essential functions of her job without a problem and without medical restriction.").)

[4] Even if there were evidence to suggest that plaintiff is in the class protected by the ADA, defendant would still be entitled to judgment on her discharge claim because there is no evidence that defendant accorded more favorable treatment to a similarly-situated, non-disabled employee, the last element of the prima facie case.

## Conclusion

For the reasons stated above: (1) defendant's motion to strike is granted in part and denied in part; and (2) defendant's motion for summary judgment is granted because there is no genuine issue of material fact on any of plaintiff's claims and defendant is entitled to judgment as a matter of law. This is a final and appealable order.

ENTER:

_____
**UNITED STATES DISTRICT JUDGE**

DATED: May 15, 2003